**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANDI STEWART,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-03014** |
| | § | |
| **TK ELEVATOR CORPORATION, AND** | § | |
| **CBRE, INC.,** | § | |
| *Defendants.* | § | |

---

## DEFENDANTS' JOINT NOTICE OF REMOVAL

---

Defendants TK Elevator Corporation ("TKE") and CBRE Inc. ("CBRE") file this Notice of Removal for the purpose of removing this action from the 113th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, on the ground that the federal district court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

## I.   THE REMOVED CASE

1.      The removed case is a civil action filed on or about May 20, 2025, with the 113th Judicial District Court of Harris County, Texas, styled *Brandi Stewart v. TK Elevator Corporation et al.*, Cause No. 2025-35418. TKE was served with process on May 28, 2025. Thus, this removal is timely because it is filed within 30 days after TKE was served. *See* 28 U.S.C. § 1446.

## II. PROCEDURAL REQUIREMENTS

2.      This action is properly removed to this Court, as the lawsuit is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(2).

---

3.      The United States District Court for the Southern District of Texas, Houston Division, has original jurisdiction over this action based on diversity of citizenship because TKE and CBRE are now, and were at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

4.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81, this Notice of Removal is accompanied by true and correct copies of all the following: an Index of Matters Being Filed is attached hereto as **Exhibit A**, and the information pursuant to Local Rule LR81(6) is attached hereto as **Exhibit B**.

5.      In connection with the filing of this Notice of Removal, Defendants are giving written notice thereof to Plaintiff and filing a copy of the Notice of Removal in the 113th Judicial District Court, Harris County, Texas, pursuant to 28 U.S.C. § 1446(d).

### III. DIVERSITY JURISDICTION

6.      If the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). This action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs, and complete diversity exists because Plaintiff is not a citizen of the same state as TKE or CBRE.

**A.      The amount in controversy is satisfied.**

7.      Defendant can show the amount in controversy is greater than $75,000 if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2000). When making a "facially apparent" determination, "'the proper procedure is

to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed' the requisite $75,000." *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995)).

8.    Here, Plaintiff "seeks monetary relief over $1,000,000.00." *Pl's Orig. Pet*. ¶ 2.1. Although Defendants dispute liability and damages, it is evident from the pleading that Plaintiff alleges claims for monetary relief that, if granted, would exceed $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

**B.    Plaintiff and Defendants are completely diverse.**

9.    Plaintiff is a natural person so her citizenship for diversity purposes is determined by her domicile, which "depends on residence and an intent to remain in a state." *Evans v. Enter. Products Partners, LP*, 426 F. Supp. 3d 397, 404 (S.D. Tex. 2019) (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007)). Once domicile is established, it continues presumptively unless rebutted with evidence. *Id.* Plaintiff is domiciled in Allegheny County, Pennsylvania. *See Pl's Orig. Pet.* ¶ 3.1. Therefore, she is a citizen of Pennsylvania for diversity purposes.

10.    TKE is a corporation organized under the laws of Delaware with their principal place of business in Fulton County, Georgia. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Thus, TKE is a citizen of both Delaware and Georgia for diversity purposes.

11.    CBRE is a corporation organized under the laws of Delaware with their principal place of business in Dallas, Dallas County, Texas. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and

of the State or foreign state where it has its principal place of business[.]" *Id.* Thus, CBRE is a citizen of both Delaware and Georgia for diversity purposes.

## IV. <u>CONCLUSION</u>

WHEREFORE, Defendants remove this action from the 113th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

MAYER LLP

By: _____
    **Wesley S. Alost**
    Southern District of Texas Bar No. 29761
    walost@mayerllp.com
    **Barry A. McCain**
    Southern District of Texas Bar No. 2513906
    bmccain@mayerllp.com
    750 N. St. Paul Street, Suite 700
    Dallas, Texas 75201
    (214) 379-6900 Telephone
    (214) 379-6939 Facsimile

**ATTORNEYS FOR DEFENDANT**
**TK ELEVATOR CORPORATION**

**and**

_/s/ Shaniqua S. Biggins (w/ permission)_
**Jennifer D. Akre**
Texas Bar No. 24059950
JAkre@tysonmendes.com
**Shaniqua S. Biggins**
Texas Bar No. 24110603
SBiggins@tysonmendes.com
TYSON & MENDES LLP
One Riverway Drive, Suite 1700
Houston, Texas 77056
Telephone: (713) 222-5906
Facsimile: (713) 547-5158

**ATTORNEYS FOR DEFENDANT CBRE INC.**

## CONSENT TO REMOVAL

This certifies that Defendant CBRE consents to the removal of this action. By doing so, it does waive any claims or defenses it can assert herein.

/s/ Barry A. McCain
Barry A. McCain

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record via electronic email on this 27th day of June 2025:

*Via E-Service:*
**Andrew McLendon**
AMcLendon@pmrlaw.com
**Tej R. Paranjpe**
TParanjpe@pmrlaw.com
PARANJPE MAHADASS RUEMKE LLP

3701 Kirby Drive, Suite 530
Houston, Texas 77098
Service@pmrlaw.com

**ATTORNEYS FOR PLAINTIFF**

*Via E-Service:*
**Jennifer D. Akre**
JAkre@tysonmendes.com
**Shaniqua S. Biggins**
SBiggins@tysonmendes.com
TYSON & MENDES LLP
One Riverway Drive, Suite 1700
Houston, Texas 77056

**ATTORNEYS FOR
DEFENDANT CBRE INC.**

/s/ Barry A. McCain
Barry A. McCain